WO                    NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jones, | No. CV-17-08231-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America NA, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff James Jones's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2) and Motion for Service (Doc. 4). Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application (Doc. 2). However, as set forth below, upon screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint fails to state a claim and dismisses it without prejudice.

## I.  LEGAL STANDARDS

### A.  28 U.S.C. § 1915(e)(2)

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis*

proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### B. Subject Matter Jurisdiction in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). To proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a); Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

### C. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison*, 668 F.3d at 1112 (citation omitted). For purposes of dismissal, the court considers only

allegations contained in the complaint and those exhibits attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

## II. ANALYSIS

### A. Sufficiency of the Complaint

Upon review of Plaintiff's Complaint (Doc. 1, Compl.), the Court finds that the Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10(b). Rule 8(a) requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claims, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Furthermore, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Rule 10(b) requires that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

Moreover, the complaint must give the defendants "fair notice of what [the plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for each claim asserted

and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 678.

Plaintiff contends that each of the named Defendants is liable for an assortment of violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §1962. Plaintiff's claims under the FDCPA are largely devoid of factual allegations demonstrating that Plaintiff is entitled to his requested relief. Instead, Plaintiff relies largely on conclusory statements that merely recite portions of the FDCPA. For example, Plaintiff repeatedly claims that Defendants used "false, deceptive and misleading representations in connection with the collection" of Plaintiff's debt. (Compl. at 9.) Plaintiff, however, fails to point the Court to any factual information supporting such a finding. Morever, Plaintiff relies largely on group pleading throughout the Complaint referring collectively to "Defendants." A plaintiff may not collectively accuse multiple defendants of committing misdeeds through the expedience of the title "Defendants." Such group pleading fails to comply with Rule 8(a)(2) because it does not give fair notice of the claims against each Defendant with the requisite specificity. *Riehle v. Bank of America, N. A.*, No. CV-12-00251-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013).

Even further, the single discernable claim under the FDCPA fails to state a claim. Plaintiff alleges that two Defendants, Reverse Mortgage Solutions ("Reverse Mortgage") and Bank of America, are liable for their their failure to verify Plaintiff's debt as required by 15 U.S.C. § 1692g. "Under this section, a debt collector must provide verification of the debt to the debtor, upon written request made by the debtor within 30 days after receipt of the initial Notice." *Mahon v. Credit Bureau of Placer Cty., Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999). If the debtor fails to make a timely written demand, the debt collector may assume the validity of the debt. *Id.*

Plaintiff alleges that Defendants Reverse Mortgage Solutions ("Reverse Mortgage") and Bank of America mailed him the operative demands for payment of the

alleged debt on April 24, 2017, and June 30, 2017. (Compl. at 11.) Plaintiff, however, fails to allege when he received said notices, only alleging that he provided Defendants with requests for verification of the debts on August 7, 2017, and August 25, 2017. (Compl. at 5.) The date of receipt, however, is vital to Plaintiff's claim. Because Plaintiff fails to establish that that he requested verification of his claim within the statutorily required thirty-day period, he fails to establish that the debt collectors were obligated to verify the debt under the FDCPA. *See Mahon*, 171 F.3d at 1202. Accordingly, Plaintiff fails to state a valid claim under 15 U.S.C. § 1692g.

### B. Subject Matter Jurisdiction

Having found that Plaintiff fails to state a claim under the FDCPA, the Court dismisses the remainder of Plaintiff's claims for lack of subject matter jurisdiction. In addition to his claims under the FDCPA, Plaintiff alleges several state law causes of action against Defendants. Plaintiff asserts federal question jurisdiction for these claims because the claims "involve[e] Federal Corporations and Interstate Commerce in the form of lending and Banking" and "violations of Plaintiffs Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code." (Compl. at 3.) The U.C.C., however, is not federal law and the mere relation to interstate commerce does not create federal question jurisdiction. Plaintiff thus has not made the requisite showing to establish subject matter jurisdiction on the basis of a federal question for these additional claims.

Plaintiff additionally alleges diversity jurisdiction under 28 U.S.C. § 1332. This too fails because it appears that the Plaintiff and several Defendants are all citizens of the State of Arizona. (*See* Compl. at 1–2.) Therefore, Plaintiff fails to establish complete diversity among the parties. *See* 28 U.S.C. § 1332(a)(1).

### C. Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. Therefore, the Court will give Plaintiff an opportunity, if he so chooses, to amend his Complaint, to

make clear his allegations in short, plain statements and to identify specifically which Defendants are responsible for the conduct giving rise to his claim.

**IT IS THEREFORE ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1).

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure no later than 21 days from the date of this order. If no Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

Dated this 8th day of December, 2017.

Honorable John J. Tuchi
United States District Judge