**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jones, | No. CV-17-08231-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America NA, et al., | |
| Defendants. | |

Pending before the Court is Defendant Bank of America, N.A.'s Motion To Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 4, 12(b)(4), And/Or 12(b)(5) or, Alternatively, To Quash Service of Summons. (Doc. 20).

**BACKGROUND**

On November 6, 2017, Plaintiff filed a Complaint against multiple defendants, including Bank of America, N.A. ("BANA"). That complaint was dismissed and an Amended Complaint ("FAC") was filed on January 26, 2018 with court approval. Defendant also filed a motion for change of judge on that same day. On August 2, 2018, the Court issued an order denying Plaintiff's motion for change of judge, but granting his request for service by United States Marshal pursuant to Fed. R. Civ. P. 4(c)(3). (Doc. 11). Specifically, the Court ordered that the "United States Marshal shall effect service of the Amended Complaint (Doc. 8)" and provided Plaintiff with specific instructions for serving

the summons and FAC in this manner. (Doc. 11 at 2–3). Plaintiff provided the United States Marshal with an address but the Marshal was unable to complete service on BANA, which the Marshal reported on September 13, 2018. (Doc. 13).

After the Marshal was unable to complete service of process, Plaintiff attempted service by mailing a copy of the summons and FAC to Bank of America, N.A., 100 N. Tryon St., Charlotte, NC 28255. (Doc 20 at Ex. A). It was not mailed to a specific person. *See Id.* The materials were mailed certified with return receipt requested. (Doc. 24 at 4 (citing Ex. A)). On October 7, 2018, someone at the North Carolina address signed the mail receipt. (Doc. 23 at 2). The name is hard to read on the receipt but it looks like "Zaker Ayin". (Doc. 23 at 6). Plaintiff also sent a copy of the documents by certified mail to Bank of America N.A., 10500 NE 8th St, 5th floor, Bellevue, WA, 98004. (Doc. 23 at 1). Again, the letter was not addressed to a specific person. Receipt for those documents was signed on October 10, 2018, by someone, but again the name is unclear. (Doc. 23 at 5).

## DISCUSSION

### I. Legal Standards

"When service of process is challenged, a plaintiff bears the burden of showing that the court's personal jurisdiction is properly exercised." *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, No. CV-05-03469-PHX-SMM, 2006 WL 1722314, at *2 (D. Ariz. June 22, 2006) (citing *Hirsh v. Blue Cross Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986)).

Service must be accomplished by an adult who is not a party to the case. *See* Fed. R. Civ. P. 4(c)(2). Under Federal Rule 4(h)(1)(B), service of process can be effected on a foreign corporation through delivery of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). "When serving a corporation, Rule 4(h) requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." *Belle v. Chase Home Fin. LLC*, 2007 WL

1518341, at *3 (S.D.Cal.2007) (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (service on corporation was ineffective "because the summons and complaint were mailed and not personally served on anyone during the limitations period.")). Alternatively, the plaintiff may serve a corporate defendant in the manner prescribed for serving individuals, which permits service by following state law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1). Here, the district court is located in Arizona.

Under Arizona law, service on a corporation outside of Arizona may be accomplished as follows:

> If a domestic or foreign corporation, partnership, or other unincorporated association has the legal capacity to be sued and has not waived service under Rule 4.1(c), it may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Ariz. R. Civ. Pro. 4.2.

**II. Analysis**

Defendant's first argue that the complaint should be dismissed because Plaintiff did not follow the Court's order to accomplish service through the United States Marshal. It is true that Plaintiff did not accomplish service through the Marshal's office, but he did try. There is nothing in that order that would preclude Plaintiff from attempting service some other way if the Marshal's office did not accomplish service.

Defendants next argue that Plaintiff's efforts at service fail because he mailed the documents himself. First, the Court notes that there is no authorization for service by certified mail on a corporation. Second, the Court agrees that Plaintiff is not allowed to serve the papers because he is a party to the case.

Finally, Defendants argue that service is improper because Plaintiff did not serve

the proper person. Plaintiff, in his response, makes no effort to demonstrate that either person signing the certified mail receipts was "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Plaintiff offered no explanation for why he did not make an effort to locate the proper person to accept service. Plaintiff argues that any employee is an agent authorized to receive service of process. Serving an employee who is not an officer, a managing or general agent, or an agent authorized to accept service does not satisfy the requirements for proper service. *See Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011). The Court finds that service of process failed because it was not complete by a non-party, certified mail is not an acceptable form of service, and the summons and complaint were not mailed to a person authorized to accept service.

Having found that service of process was insufficient, we have discretion to either dismiss without prejudice or to quash service of process. *Grand Canyon Resort*, 2006 WL 1722314, at *7. The Ninth Circuit counsels "that the provisions of Rule 4 should be given a liberal and flexible construction." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). It set out a four-part test for determining whether to dismiss a case due to a pro se plaintiff's failure to comply with the personal service requirement. Dismissal is not required if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* In this case, BANA has actual notice as they filed the current motion, BANA has not cited any prejudice they would suffer, there is not justifiable excuse for the failure to serve properly, and plaintiff has not explained what prejudice he would suffer.

The Court concludes that the most efficient course of action is to quash service of process and provide plaintiff with the opportunity to properly serve BANA. Accordingly,

**IT IS ORDERED** that:

1. The motion to dismiss is **DENIED**;
2. The motion to quash is **GRANTED**;

- 4 -

3. Plaintiff has until February 8, 2019 to either (a) properly service BANA, or (b) file a waiver of service under Fed. R. Civ. P. 4(d).  Failure to accomplish either will result in dismissal of BANA as a defendant without further notice.

Dated this 28th day of December, 2018.

_____
Honorable Susan M. Brnovich
United States District Judge