**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jones,<br><br>    Plaintiff,<br><br>v.<br><br>Bank of America NA, et al.,<br><br>    Defendants. | No. CV-17-08231-PCT-SMB<br><br>**ORDER** |

Pending before the Court are three motions to dismiss filed by Defendant Country Wide Inspection Services ("Defendant" or "CWIS"). The first motion was filed on February 5, 2019 and seeks to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 4, 12(b)(6), and 12(b)(4).[1] (Doc. 50). Plaintiff James Jones filed an opposition. (Doc. 61). CWIS then filed a second motion on March 29, 2019, requesting a ruling on the previous motion and seeking immediate dismissal. (Doc. 64). Plaintiff also filed an opposition to the second motion. (Doc. 65). CWIS then filed another motion to dismiss on July 26, 2019 (Doc. 78), to which Plaintiff filed a Response (Doc. 79).

**BACKGROUND**

On November 6, 2017, Plaintiff filed a Complaint against multiple defendants,

---

[1] While Defendant asserts "12(b)(4)" in the title of the motion, the substance of Defendant's motion comes under "12(b)(5)," and Defendant specifically requests dismissal under "12(b)(5)" later in the motion. (Doc. 50 at 4). "Rule 12(b)(4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted." *Bothwell v. Brennan*, No. C-13-5439 JSC, 2014 WL 953500, at *2 (N.D. Cal. Mar. 6, 2014).

including CWIS. That complaint was dismissed and an Amended Complaint ("FAC") was filed on January 26, 2018 with court approval. Plaintiff's claims are based on alleged violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Truth in Lending Act (the "TILA").

On August 2, 2018, the Court issued an order granting Plaintiff's request for service by the United States Marshals Service (the "Marshals") pursuant to Fed. R. Civ. P. 4(c)(3). (Doc. 11). Specifically, the Court ordered that the "United States Marshal shall effect service of the Amended Complaint (Doc. 8)" and provided Plaintiff with specific instructions for serving the summons and FAC in this manner. (Doc. 11 at 2–3). Plaintiff provided the Marshals with an incorrect address, preventing the Marshals from effecting service on CWIS, which the Marshals reported on September 7, 2018. (Doc. 12).

On September 18, 2018, Plaintiff requested another service package so that he could correct CWIS's address, (Doc. 15), and the Court granted his request on October 1, 2018, (Doc. 18). The Clerk of Court sent the service packet to Plaintiff on the same day. Instead of returning the packet to the Marshals, it appears that Plaintiff then attempted service by mailing a copy of the summons and FAC to CWIS at both a Phoenix, Arizona address and a Colorado Springs, Colorado address via certified mail with return receipt requested. (Doc. 23). The FAC and Summons sent to the Phoenix address were returned due to a wrong address. (Doc. 23 at 9). The FAC and Summons sent to the Colorado Springs address were delivered and signed for by "E Murten." (Doc. 23 at 7). They were not, however, addressed to any specific person, officer, or agent.

On October 25, 2018, Defendant Bank of America filed a motion to dismiss requesting dismissal in part for failure to serve process. (Doc. 20). On December 28, 2018, this Court issued an order (based on similar facts to the facts above) finding "that service of process failed because it was not complete[d] by a non-party, certified mail is not an acceptable form of service, and the summons and complaint were not mailed to a person authorized to accept service." (Doc. 34 at 4). The Court quashed the service and gave Plaintiff an opportunity to properly serve Bank of America. (Doc. 34 at 4–5). Plaintiff

then moved on January 3, 2019, for another service packet to serve all defendants, including CWIS, (Doc. 39), and the Court granted that motion on February 13, 2019, (Doc. 54). The Clerk of Court received the packet from Plaintiff on February 20, 2019. The Summons and Complaint were served on "Carolyn Ramagos, CEO" of "Country Wide Inspection Services" on May 22, 2019. (Doc. 73 at 3).

## DISCUSSION

**I.** **Legal Standards**

**A.** *Service of Process*

Federal Rule of Civil Procedure 12(b)(5) allows a party to move to dismiss claims against it for insufficient service of process. The serving party bears the burden of establishing the validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Service must be accomplished by an adult who is not a party to the case. *See* Fed. R. Civ. P. 4(c)(2). Under Rule 4(h)(1)(B), service of process can be effected on a foreign corporation through delivery of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" "When serving a corporation, Rule 4(h) requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." *Belle v. Chase Home Fin. LLC*, No. 06-CV-2454 WQH (LSP), 2007 WL 1518341, at *3 (S.D. Cal. May 22, 2007) (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (service on corporation was ineffective "because the summons and complaint were mailed and not personally served on anyone during the limitations period.")).

In cases involving plaintiffs proceeding *in forma pauperis*, the United States Marshals Service, upon order of the Court, are authorized to serve the summons and the complaint. *See* 28 U.S.C. § 1915(d); *see also Boudette v. Barnett*, 923 F.2d 754, 757 (9th Cir. 1991). A pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the Marshals for service, and such plaintiff's action should not be dismissed for failure to effect service because of the Marshals' failure to perform their duties. *Puett v. Blandford*, 912

F.2d 270, 275 (9th Cir. 1990). However, it remains plaintiffs' responsibility to provide the Marshals with accurate and sufficient information to effect service. *Allen v. Comm'r of Ariz. State Prison*, No. CV-13-08048-PHX-GMS, 2014 WL 2435685, at *3 (D. Ariz. May 30, 2014).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In deciding whether to dismiss a case or extend the time period for service under Rule 4(m), the court employs a two-step analysis. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). First, if there is a showing of good cause for the delay, the court must extend the time period. *Id.* Second, if there is no showing of good cause, the court has discretion to either dismiss without prejudice or extend the time period. *Id.* "District courts have broad discretion to extend time for service under Rule 4(m)." *Id.* at 1041. "Because pro se litigants must rely on the Marshal for service, delays in service attributable to the Marshal automatically constitute good cause preventing dismissal under Rule 4(m)." *Armado v. Advanced Call Ctr. Techs.*, No. CV 10-1630-PHX-JAT, 2011 WL 906053, at *1 (D. Ariz. Mar. 16, 2011) (internal quotation marks and alteration omitted) (quoting *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir.1995)).

**B. *Failure to State a Claim***

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if

accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," as "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1202, at 94–95 (3d ed. 2004)). Thus, Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Analysis

### A. *Insufficient Service*

In its first motion, CWIS asks the Court to dismiss Plaintiff's claims against CWIS under Rule 12(b)(5) "due to attempted service by a party to the case; service being made by certified mail, an unacceptable means of service; and the failure to serve an agent, officer, or authorized individual of CWIS." (Doc. 50 at 4). The Court agrees that Plaintiff is not allowed to serve the papers because he is a party to the case. The Court also notes that there is no authorization for service by certified mail on a corporation. Additionally, Plaintiff offered no explanation for why he did not make an effort to locate the proper person to accept service. Serving an employee who is not an officer, a managing or general agent, or an agent authorized to accept service does not satisfy the requirements for proper service. *See Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011). These arguments by Defendant pertain to Plaintiff's attempt to mail service to Defendant. However, after the first motion was filed by Defendant, the Court granted Plaintiff's motion for another service packet, (Doc. 54), and the Marshals subsequently served Defendant, (Doc. 73).

Defendant also argues that the claims should be dismissed pursuant to Rule 4(m). Defendant notes that on January 3, 2019, "Plaintiff requested a second service package from the Court to serve CWIS," and "Service by a U.S. Marshal[ ] has not been completed." (Doc. 50 at 3). But as noted above, after Defendant filed its first motion, the Court issued an order on February 13, 2019 granting Plaintiff's January 3, 2019 request for another service package. (Doc. 54). In that order, the Court ordered Plaintiff to complete and return the service packet to the Clerk of Court by March 15, 2019. (Doc. 54 at 1). Records from the Clerk of Court show that Plaintiff's service packet was received by the Clerk's Office on February 20, 2019.[2] At that point, Plaintiff was no longer in control of service.

---

[2] In Defendant's second motion, it also ask the Court to dismiss based on Plaintiff's failure to comply with the Court's February 13, 2019 order, (Doc. 54). Defendant argues that Plaintiff "has now failed to comply with the Court's February 13th order requiring service by March 15, 2019." (Doc. 64 at 2). However, the Court's order required Plaintiff to "*complete and return the service packet* to the Clerk of Court by March 15, 2019," not to

Accordingly, the Court denies Defendant's request to dismiss under Rule 4(m).

### B. *Failure to State a Claim*

Defendant also moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (Doc. 50 at 6–7). Defendant argues that "Plaintiff states no facts or exhibits to support his conclusory allegation" that CWIS is a debt collector pursuant to the FDCPA and foreclosed on Plaintiff's home. (Doc. 50 at 6). In fact, Plaintiff makes very few allegations against CWIS. Plaintiff alleges that "CWIS is an agent that services real property and is a debt collector as defined by" the FDCPA. (FAC at 3). Plaintiff also alleges that CWIS "illegally, without notice, foreclosed and took possession of Plaintiffs Real Property, Home and land, sometime between April 2016 and August 2016 leaving Plaintiff homeless," (FAC at 3), and that it did so "in a fraudulent, deceptive, unfair, and unconscionable manner by stating the property was abandon[ed] which in fact it was not abandoned[.]" (FAC at 9). Plaintiff further alleges that CWIS violated the TILA "by failure to disclose," (FAC at 11), and that CWIS "was sent a 'Verification of Proof of Claim,'" to which CWIS never answered. (FAC at 12).

Plaintiff makes claims pursuant to the FDCPA and the TILA. However, Plaintiff does not provide any factual allegations sufficient to state a claim under either act. "In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." *Dix v. Nat'l Credit Sys., Inc.*, No. 2:16-CV-3257-HRH, 2017 WL 4865259, at \*1 (D. Ariz. Oct. 27, 2017). To be held liable for violation of the FDCPA, a defendant must, as a threshold requirement, fall within the act's definition of "debt collector." *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). In regard to his FDCPA claims, Plaintiff has done no more than provide "conclusory statements" asserting "[t]hreadbare recitals of the elements of a cause of action"—which is insufficient to meet the Rule 8 standard. *See*

---

complete service by that date. (Doc. 54) (emphasis added). Accordingly, Plaintiff is not in violation of this Court's order.

*Iqbal*, 556 U.S. at 678. At a minimum, Plaintiff provides no factual support to his allegation that Defendant is a debt collector, nor does he make any allegations that Defendant attempted to collect a debt. (Doc. 50 at 6) ("Within the 105 pages of Plaintiff's exhibits there is no evidence of any communication from CWIS attempting to collect a debt from Mr. Jones.").

Likewise, Plaintiff has not pled sufficient facts to sustain a cause of action under the TILA. TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit[.]" 15 U.S.C. § 1601(a). Section 1638 of the TILA requires that certain disclosures be made by the creditor to the consumer for each "consumer credit transaction other than under an open end credit plan." 15 U.S.C. § 1638(a). It is not clear in the FAC what Plaintiff is alleging against Defendant under the TILA. Plaintiff merely alleges that Defendant "was sent a 'Verification of Proof of Claim' on October 12, 2017 with an added stipulation to bring forth any and all valid bonafide legal proof of their right to foreclose on Plaintiff with agency or as a holder in due course," and that Defendant never answered. (FAC at 12). Plaintiff has failed to state a claim against Defendant under the TILA.

Accordingly, Plaintiff has failed to state a claim against Defendant under the FDCPA or the TILA, and all counts against Defendant CWIS are dismissed.

**IT IS ORDERED** granting Defendant CWIS's motion to dismiss (Doc. 50). Defendant's later motions to dismiss, (Docs. 64 and 78), are therefore considered moot.

Dated this 10th day of July, 2019.

Honorable Susan M. Brnovich
United States District Judge