**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jones,<br><br>          Plaintiff,<br><br>v.<br><br>Bank of America NA, et al.,<br><br>          Defendants. | No. CV-17-08231-PCT-SMB<br><br>**ORDER** |

Pending before the Court is a motion to dismiss pursuant to Rule 12(b)(6) filed by Defendant Bank of America, N.A. ("BANA") (Doc. 68). Defendant Joseph J. Tirello Jr. filed a "Notice of Joinder in Bank of America's Motion to Dismiss." (Doc. 69). Plaintiff James Jones filed an opposition to BANA's motion, (Doc. 71), and BANA filed a reply. (Doc. 74). Plaintiff also filed a sur-reply (Doc. 76) without moving for leave to do so. The Court will strike Plaintiff's sur-reply and not consider it.[1]

## BACKGROUND

On November 6, 2017, Plaintiff filed a Complaint against multiple defendants, including BANA and Tirello. (Doc. 1). That complaint was dismissed and an Amended Complaint (Doc. 8, "FAC") was filed on January 26, 2018 with court approval. It is difficult to ascertain from the FAC exactly what Plaintiff alleges occurred, but his

---

[1] The rules do not contain a provision allowing parties to file sur-replies. *See Armenta v. Spencer*, No. CV-16-00697-TUC-DCB, 2018 WL 4698648, at *1 (D. Ariz. Oct. 1, 2018) ("There is no provision for Sur-replies."). And "[c]ourts generally view motions for leave to file a sur-reply with disfavor." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-CV-01118-BEN-BLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018).

allegations are centered around real property located at 3787 East Snavely Avenue, Kingman, AZ 86409 (the "Property"), which he alleges that at least some of the Defendants foreclosed on in 2016. Plaintiff alleges that he owned and has superior claim to the Property and that he received a quit claim deed on March 29, 2012 from Harold Goddard ("Goddard"). (FAC at 1). In the FAC, Plaintiff lists eleven counts under the Fair Debt Collection Practices Act (the "FDCPA") and one count under the Truth in Lending Act (the "TILA"). Plaintiff also requests declaratory relief and rescission of the loan.

## DISCUSSION

### I. Legal Standard

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," as "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1202, at 94–95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

**II.    Defendant BANA's Motion**

    **A.  *Standing***

BANA argues that Plaintiff lacks standing to bring this action against BANA "because Plaintiff is not, and never has been, a party to the Loan." (Doc. 68 at 4). BANA cites a case from this District that found that one spouse did not have standing to assert counts including contract and rescission of a loan under TILA because she was not a party

to the note and deed of trust. *See Diamond v. One W. Bank*, No. CV-09-1593-PHX-FJM, 2010 WL 1742536, at *2 (D. Ariz. Apr. 29, 2010), *order amended on reconsideration*, No. CV-09-1593-PHX-FJM, 2010 WL 2200501 (D. Ariz. May 28, 2010). In response, Plaintiff argues that BANA does not have standing. (Doc. 71 at 4).

To show that a case or controversy exists, a *plaintiff* must establish that he has standing to bring suit. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff must satisfy three elements to establish Article III standing: (1) an injury in fact, (2) a causal connection between the injury and the allegedly wrongful conduct, and (3) that the injury is likely to be redressed by a favorable decision from the Court. *Id.* Documents submitted by Plaintiff with the FAC show a Deed of Trust recorded on May 20, 2009 regarding the Property. Goddard is described as the borrower and World Alliance Financial Corp. is described as the lender of up to $187,500. (Doc. 8-1 at 5). Furthermore, correspondence regarding the loan is addressed to Goddard. (Doc. 8-1 at 29). Plaintiff acknowledges that his "name is not on the trust deed," but argues that he has standing because of the quit claim deed and "a special power of attorney made out to Plaintiff by Harold Goddard giving Plaintiff standing to sue for Harold Goddard." (Doc. 71 at 7–8). BANA did not address Plaintiff's argument in its Reply. The Court however notes that a power of attorney is an "instrument granting someone authority to act as agent or attorney-in-fact for the grantor," *Power of Attorney*, *Black's Law Dictionary* (11th ed. 2019), and "does not confer standing to sue in the holder's own right because a power-of-attorney does not transfer an ownership interest in the claim." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008). "By contrast, an assignment of claims transfers legal title or ownership of those claims and thus fulfills the constitutional requirement of an 'injury-in-fact.'" *Id.* Therefore, to the extent that any of Plaintiff's claims pertain to Goddard's loan, Plaintiff has not shown that he has standing to bring these claims, and such claims are dismissed.

**B. *Claims Relating to the Trustee's Sale***

While Plaintiff postures his complaint as coming under the FDCPA and TILA, he

also challenges the validity of the Trustee's Sale. *See, e.g.*, FAC at 13 (alleging that Defendants did not have "authority to foreclose upon and sell Plaintiff[']s property"); *id.* ("Plaintiff requests a determination of whether any Defendants' have authority to foreclose on the property or to illegally seize the property without notice."); FAC at 15 (Plaintiff requests "qui[et] title as to the above referenced claims"). BANA argues that Plaintiff waived all defenses and objections to the sale, citing A.R.S. § 33-811(C). (Doc. 68 at 4–5). To the extent that Plaintiff's claims relate to the Trustee's Sale, the Court agrees with BANA that such claims would be barred by A.R.S. § 33-811(C), which states, in part, as follows:

> . . . all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

"In effect, section 33-811 requires Plaintiffs to assert any objections to and obtain injunctive relief from the trustee's sale prior to such sale or risk losing their rights to object." *Spielman v. Katz*, No. CV 10-0184-PHX-JAT, 2010 WL 4038838, at *3 (D. Ariz. Oct. 14, 2010); *see also BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012) ("Under [A.R.S. § 33-811(C)], a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief.").

Plaintiff filed an action in Mohave County Superior Court prior to the non-judicial sale, but failed to secure any Rule 65 relief to enjoin the sale. (Doc. 68-1 at 2–19).[2] Thus, any challenges to the Trustee's sale of the Property are dismissed.

### C. *FDCPA Counts*

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain

---

[2] A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider . . . matters of judicial notice[.]" *Id.* at 908. A "court may take judicial notice of matters of public record[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quotation marks and citations omitted).

from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." *Dix v. Nat'l Credit Sys., Inc.*, No. 2:16-CV-3257-HRH, 2017 WL 4865259, at *1 (D. Ariz. Oct. 27, 2017). To be held liable for violation of the FDCPA, a defendant must, as a threshold requirement, fall within the Act's definition of "debt collector." *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).

Plaintiff's 11 counts against BANA under the FDCPA are for the most part repetitive. Plaintiff alleges that BANA, along with other defendants, violated the FDCPA because it

- "Demanded payment of a debt Plaintiff did not owe"
- "[M]ade direct, indirect, and valid threats of dire consequences of foreclosure to Plaintiff if Plaintiff failed to pay the alleged debt in full"
- "[D]id send or caused to be sent to Plaintiff a false communication by notifying Plaintiff of a new loan with a different or new loan number that is not known to the Plaintiff"
- "[F]ailed to clearly and fairly communicate information about the amount of the alleged new debt to Plaintiff"
- Presented legal documents which were fraudulent,
- Had "no legal chain of title to foreclose" as "[a]ssignments do not have a legal assignor making them fraudulent"
- Had "no legal chain of title to foreclose as the document called 'Corporate Assignment of Deed of Trust' . . . ha[d] been mechanically authored . . . and is a fraudulent document"
- "[M]ade a false representation as to the claim that [BANA] was the Beneficiary of the said original Deed of Trust in the 'NOTICE OF SUBSTITUTION OF TRUSTEE'."
- "[C]oncealed the fact that the original loan was securitized"

(FAC at 5–10). While Plaintiff characterizes these allegations under violations of the FDCPA, most of these allegations do not relate to potential FDCPA violations.

BANA makes several arguments as to why Plaintiff's FDCPA counts fail. First,

BANA argues that Plaintiff fails to allege "that he is a debtor and a consumer subject to the protections of the FDCPA." (Doc. 68 at 5). Under the FDCPA, "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff does not allege that he owes a debt. Furthermore, many of Plaintiff's allegations refer to an exhibit attached to his FAC—"EXHIBIT C." (FAC at 3). However, nothing in that exhibit indicates that Plaintiff is a party to the loan, the referenced debt, or the foreclosure proceedings. The documents all refer to Goddard's loan. None of the exhibits provided indicate that Plaintiff is a consumer under the FDCPA. *See Davis v. Nationstar Mortg., LLC*, No. 2:18-CV-1083-TLN-EFB PS, 2019 WL 803899, at *3 (E.D. Cal. Feb. 21, 2019), *R. & R. adopted*, No. 2:18-CV-01083-TLN-EFB, 2019 WL 1431595 (E.D. Cal. Mar. 29, 2019) (dismissing plaintiff's FDCPA claim when he did not allege that he was obligated to repay the debt incurred by the borrower).

BANA also argues that it is not a "debt collector" under the FDCPA. The FDCPA "defines the term debt collector to embrace anyone who regularly collects or attempts to collect debts owed or due another." *McNair v. Maxwell & Morgan PC*, 893 F.3d 680, 682–83 (9th Cir. 2018) (alterations and internal quotation marks omitted) (quoting *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017)). "The FDCPA exempts from its provisions the 'originator' of a debt the person is trying to collect." *Schneider v. Bank of Am. N.A.*, No. CIV. S-11-2953 LKK, 2014 WL 2118327, at *6 (E.D. Cal. May 21, 2014) (citing 15 U.S.C. § 1692a(6)(F)(ii)); *see also Lyons v. Bank of Am., NA*, No. 11-01232 CW, 2011 WL 3607608, at *12 (N.D. Cal. Aug. 15, 2011) ("The FDCPA applies to those who collect debts on behalf of another; it does not encompass creditors who are collecting their own past due accounts.") (citing *Brooks v. Citibank (South Dakota), N.A.*, 345 Fed. App'x 260, 262 (9th Cir. 2009)). Plaintiff has not alleged facts that demonstrating that BANA attempted to collect a debt other than as a creditor.

BANA presents additional arguments as to why Plaintiff's FDCPA counts fail, but the Court need not reach the additional arguments because it finds that the FDCPA counts fail because Plaintiff has not provided sufficient facts alleging that he is consumer as

defined by the FDCPA or that BANA qualifies as a "debt collector" under these facts. All counts against BANA under the FDCPA are dismissed.

### D. *TILA Count*

TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit[.]" 15 U.S.C. § 1601(a). "TILA requires that lenders provide certain disclosures to borrowers reflecting the terms of the legal obligation between the parties." *Soriano v. Countrywide Home Loans, Inc.*, No. 09-CV-02415-LHK, 2011 WL 2175603, at *6 (N.D. Cal. June 2, 2011). BANA argues that Plaintiff fails to allege he is a borrower, and therefore the TILA claim should be dismissed. (Doc. 68 at 9). BANA points to the Deed of Trust (Doc. 8-1 at 5), which shows that the borrower in that transaction was Goddard, not Plaintiff.

In the FAC, Plaintiff alleges Defendant BANA violated the TILA by "failure to disclose." (FAC at 11). Plaintiff alleges that after he sent BANA a "Verification of Proof of Claim," BANA "replied without a valid answer[.]" (FAC at 12). Plaintiff refers to exhibit B—a letter he sent to BANA titled "Good Faith Discovery Notice; Verification of Proof of Claim Requested." (Doc. 8-1 at 16) (Verification Letter). In the Verification Letter, Plaintiff mentions "my promissory note" and "my loan," but in the same letter refers to "HAROLD K. GODDARD'S ORIGINAL WET INK SIGNATURE PROMISSORY NOTE[.]" (*Id.*). Plaintiff fails to allege anywhere in the FAC that he is a borrower, and to the contrary, submitted the Deed of Trust which expressly lists Goddard as the borrower.

Accordingly, the TILA count against BANA is dismissed.

### E. *Declaratory Relief*

Plaintiff also requests "declaratory relief," requesting "a judicial determination of the rights, obligations and interest of the parties with regard to the property" and "a determination of whether any Defendants' have authority to foreclose on the property or to illegally seize the property without notice." (FAC at 13). BANA argues that Plaintiff "seeks adjudication of past issues and fails to set forth a meritorious legal dispute" because "Plaintiff's allegations are premised upon a belief that the defendants improperly

foreclosed and sold the Property." (Doc. 68 at 9–10).

For the same reasons as discussed above, Plaintiff's challenges to the foreclosure fail, and the Court must deny Plaintiff's associated request for declaratory relief.

### F. *Rescission*

Plaintiff also requests rescission of the loan. (FAC at 13). BANA argues that (1) Plaintiff does not have standing to seek rescission because he was not a signatory or party to the loan; (2) Plaintiff has not pled tender of the loan balance; and (3) Plaintiff waived the right to rescind the Loan, as the trustee's sale has already occurred. (Doc. 68 at 11). In response, Plaintiff states that he is eligible for rescission for several reasons, including that he "did not receive any disclosures." (Doc. 71 at 17).

"If a creditor fails to make required disclosures under the [TILA], borrowers are allowed three years from the loan's consummation date to rescind certain loans." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1098 (9th Cir. 2018) (citing 15 U.S.C. § 1635(f)). As noted above, Plaintiff has not alleged that he is a borrower. Furthermore, Plaintiff has not pleaded the ability to tender the amount of the loan principle. *See Grady v. Bank of Elmwood*, No. CV11-2060-PHX-JAT, 2012 WL 3228834, at *5 (D. Ariz. Aug. 6, 2012) (dismissing TILA rescission claim because plaintiff did not allege ability to tender the amount of the loan principal); *see also Hogan v. NW Tr. Servs., Inc.*, 441 Fed. App'x 490 (9th Cir. 2011) ("The district court properly dismissed appellants' TILA claim seeking rescission because appellants did not allege the ability to tender the proceeds of the loan."). Accordingly, Plaintiff's request for rescission of the loan is dismissed.

## III. Defendant Tirello's Motion

Defendant Tirello joined in BANA's motion, and also set forth additional reasons why the FDCPA and TILA counts against him should be dismissed. (Doc. 69). Similar to the allegations against BANA, Plaintiff's allegations against Tirello center around the sale of the Property.

### A. *FDCPA Counts*

Plaintiff makes similar allegations against Tirello under the FDCPA, including that

Tirello
- "Demanded payment of a debt Plaintiff did not owe"
- "[M]ade direct, indirect, and valid threats of dire consequences of foreclosure to Plaintiff if Plaintiff failed to pay the alleged debt in full"
- Presented legal documents which were fraudulent,
- Had "no legal chain of title to foreclose" as "[a]ssignments do not have a legal assignor making them fraudulent"
- Had "no legal chain of title to foreclose as the document called 'Corporate Assignment of Deed of Trust' . . . ha[d] been mechanically authored . . . and is a fraudulent document"
- "[C]oncealed the fact that the original loan was securitized"

(FAC at 5–10). To the extent that the reasons for dismissal of the FDCPA counts against BANA also apply to Tirello, the counts are dismissed.

In addition to the arguments made by BANA, Tirello argues that as the foreclosing trustee, he "is not a debt collector and therefore, is not subject to the FDCPA." (Doc. 69 at 2). Tirello cites to a recent decision by the U.S. Supreme Court which held that the FDCPA "exempts entities engaged in no more than the 'enforcement of security interests' from the lion's share of" the FDCPA's prohibitions. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1040 (2019). The Court affirmed the Tenth Circuit's holding which stated that the "mere act of enforcing a security interest through a non-judicial foreclosure proceeding does not fall under" most of the FDCPA's prohibitions. *Id.* at 1035, 1040 (quoting *Obduskey v. Wells Fargo*, 879 F.3d 1216, 1223 (10th Cir. 2018)). Accordingly, acts Tirello took in enforcing the security interest through non-judicial foreclosure are exempt under the FDCPA's main prohibitions, and all FDCPA counts against Tirello are dismissed.

**B. *TILA Count***

Plaintiff makes similar allegations against Tirello under the TILA. To the extent that the reasons for dismissal of the TILA count against BANA also apply to Tirello, the count is dismissed.

In addition to BANA's argument, Tirello also argues that he "was merely the trustee under the deed of trust and not the 'servicer.'" (Doc. 69 at 3). Tirello points to Plaintiff's

allegation that "the servicer, if requested, must provide the home owner the identity of the holder of the debt." (Doc. 69 at 3) (citing FAC at 11). If Plaintiff was requesting documentation from the servicer, Plaintiff does not allege that Tirello was a servicer of his loan and this count should be dismissed for the above reasons.

**C.** *Declaratory Judgment and Rescission*

For the reasons stated above dismissing Plaintiff's requests for declaratory judgment and rescission of the loan against BANA, Plaintiff's requests are also dismissed in regard to Defendant Tirello.

Accordingly,

**IT IS ORDERED** granting Defendant BANA's Motion to Dismiss (Doc. 68).

**IT IS FURTHER ORDERED** that all counts are also dismissed against Defendant Tirello pursuant to his joinder in BANA's motion (Doc. 69).

**IT IS FURTHER ORDERED** striking Plaintiff's sur-reply (Doc. 78).

Dated this 10th day of July, 2019.

Honorable Susan M. Brnovich
United States District Judge